UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD MERRIWEATHER,

        Plaintiff,                    Case No. 2:25-cv-10443

v.

                                        Hon. Brandy R. McMillion
FEDERAL HOME LOAN                United States District Judge
MORTGAGE CORPORATION, *et al.*,

        Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS (ECF NO. 5)

    Plaintiff Gerald Merriweather ("Merriweather") brought this action under MICH. COMP. LAWS § 600.2932 for a single claim to quiet title on property he owned in Belleville, Michigan. *See* ECF No. 1. Before the Court is Defendants' Federal Home Loan Mortgage Corporation, as a trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust Series 2021-3 ("Freddie Mac"), NewRez LLC, formally known as New Penn Financial LLC, doing business as, Shellpoint Mortgage Servicing ("Shellpoint"), New Residential Mortgage, LLC ("NRM"), and Ditech Financial LLC, formally known as Green Tree Servicing LLC ("Ditech") (collectively, "Defendants") Motion to Dismiss pursuant to Federal Rule 12(b)(6). ECF No. 5. The Motion has been fully briefed. ECF No. 22, 25. Having read the briefs, the Court finds that oral argument is unnecessary and will rule on the motion

1

before it.  E.D. Mich. L.R. 7.1(f)(2).  For the reasons stated below, the Court **GRANTS** Defendants' Motion to Dismiss.

## I.

On May 21, 2001, Merriweather and his wife Christina M. Merriweather were granted a mortgage by ABN AMRO Mortgage Group, Inc. (the "Mortgage"), which encumbered the property that is the subject of this dispute.  ECF No. 1-1, PageID.16.  The Mortgage was recorded with the Wayne County, Michigan Register of Deeds on July 2, 2001.  ECF No. 5, PageID.56.  In the years that followed, the Mortgage was sold and assigned to several different entities.

In May 2016, Citimortgage, Inc., successor by merger to ABN AMRO Mortgage Group, Inc., assigned the Mortgage to Ditech.  ECF No. 1-1, PageID.16.  In March 2018, Ditech assigned the Mortgage to NRM.  *Id.*; ECF No. 5, PageID.57.  In September 2019, NRM assigned the Mortgage to Shellpoint.  ECF No. 1-1, PageID.16.  In December 2023, Shellpoint assigned the mortgage to Freddie Mac.  *Id.*

Merriweather alleges that at the time Ditech assigned the Mortgage to NRM, it was in Chapter 11 bankruptcy proceedings in the United States District Court for the Southern District of New York.  *Id.*  As a result, he alleges that the assignment was "unauthorized, invalid, and void ab initio."  *Id.*  As a result, every other subsequent assignment was also void.  *Id.*

In January 2025, Merriweather filed a complaint in state court that initiated this suit. *Id.* In the Complaint, Merriweather alleges that Ditech was not authorized to assign the Mortgage to NRM in 2018 because it was subject to the automatic stay provisions under 11 U.S.C. § 362 because of its bankruptcy filing. ECF No. 1-1, PageID.16-17. As a result, he seeks to "quiet title and remove any adverse claims by Defendants." ECF No. 1-1, PageID.17. The case was removed to this Court on February 14, 2025. ECF No. 1. Defendants now move to dismiss this action because (1) Merriweather lacks standing to challenge the assignments, and (2) the Complaint fails to allege a plausible claim for quiet title under Michigan law. *See* ECF No. 5.

## II.

"To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Boland v. Holder*, 682 F.3d 531, 534 (6th Cir. 2012). In reviewing a 12(b)(6) motion, the Court "accept[s] all of the complaint's factual allegations as true and determine[s] whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The Court "must 'construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible

3

on its face.'" *Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023) (citations and internal quotation marks omitted).

Facial plausibility requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[T]hreadbare recitals of a cause of action's elements, supported by merely conclusory statements" are insufficient to survive a motion to dismiss. *Id.* at 663. The court may consider "any exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

Courts must also liberally construe *pro se* complaints. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). And while *pro se* complaints, must be held to less stringent standards than formal pleadings drafted by lawyers, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

### III.

The Court reads Merriweather's Complaint as a challenge to all of Defendants' interest in the property because Merriweather believes the assignment

4

from Ditech to NRM in 2018 was void because it violated an automatic stay in Ditech's bankruptcy proceedings; and as a result, all subsequent assignments were likewise void. *See* ECF No. 1-1, PageID.16-17. He files this as an action to quiet title pursuant to MCL 600.2932. *Id*. at PageID.15.

As a threshold matter, Defendants argue that "[t]he Sixth Circuit has explained [] that 'quiet title is a remedy, not a freestanding claim. Like a request for an injunction or disgorgement, a request for quiet title is only cognizable when paired with some recognized cause of action.'" *See* ECF No. 5, PageID.60-61; *Haywood v. Roundpoint Mtge. Serv. Corp.*, No. 2:18-cv-10111, 2018 WL 3159624, at *5 (E.D. Mich. June 28, 2018) (citing *Jarbo v. Bank of N.Y. Mellon*, 587 F.App'x 287, 290 (6th Cir. 2014)). The Court agrees and that is a basis to dismiss this action outright. However, in the "interest of completeness," other courts in this district have found the same to be true and still addressed the claim to quiet title. *See Bell v. Cameron-Hall*, No. 2:14-cv-11496, 2015 WL 4617424, at *4 (E.D. Mich. July 31, 2015) (collecting cases). In the spirit of construing *pro se* litigants' pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this Court will do the same.

**A. Standing**

Defendants argue that Merriweather's claim fails as a matter of law because he lacks standing to challenge the Ditech-NRM assignment as he is not a party to that agreement. *See* ECF No. 51, PageID.61-64. "Under Michigan law, a non-party

to a mortgage assignment lacks the standing to challenge its validity unless there is some risk of double-payment on the obligation or the like." *Id*. at PageID.61 (citing *Knight v. Bank of Am.*, No. 2:16-cv-11662, 2016 WL 6600041, at *5 (E.D. Mich. Nov. 8, 2016)); *see also Livonia Property Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102-03 (6th Cir. 2010)); *Wiggins v. Argent Mtge. Co., LLC*, 945 F.Supp.2d 817, 822 (E.D. Mich. 2013) (citing cases).

Here, Merriweather does not allege a risk of double payment to multiple mortgagors. Therefore, "the validity of [the] assignment does not [affect] whether [a] Borrower owes its obligations, but only to whom [the] borrower is obligated." *Livonia Prop. Holdings,* 717 F. Supp. 2d at 735 (alteration in original). Michigan law is consistent with this principal. *See Pashak v. Interstate Highway Const., Inc.*, No. 189886, 1998 WL 2001203 (Mich. Ct. App. Mar. 20, 1998); *Bowels v. Oakman*, 225 N. W. 613 (1929); *Woods v. Ayres*, 39 Mich. 345 (1878). And as other courts have determined, even assuming the truth of allegations about a flaw in an assignment, plaintiff does not have standing to raise that flaw to challenge the chain of title. ECF No. 5, PageID.63 (citing *Barnhart v. Nationstar Mtge., LLC*, No. 1:15-cv-627, 2016 WL 424699, at *3 (W.D. Mich. Feb. 4, 2016)).

The alleged fraudulent assignment at issue here is between Ditech and NRM. *See* ECF No. 5-4, PageID.85. Even after that and all subsequent assignments, Merriweather's right and duties under the Mortgage remain the same, only changing

6

*who* those duties are owed. *See, e.g., Fed. Home Loan Mortg. Corp. v. Werme*, 966 N.W.2d 729, 735 (Mich. Ct. App. 2021) ("An assignee stands in the position of the assignor, possessing the same rights and being subject to the same defenses.") Because a borrower cannot step into the shoes of an assignor to assert its contract rights, Merriweather lacks standing to challenge the assignment, as a non-party to that agreement. *See Livonia Prop.*, 717 F. Supp. 2d at 737 (collecting cases). Consequently, this action should be dismissed.

**B. Quiet Title Claim**

Even if Merriweather had standing to challenge the assignment, Defendants argue that he still fails to properly allege a quiet title claim pursuant to MCL § 600.2932. *See* ECF No. 5, PageID.64-66. To prevail in an action to quiet title under Michigan law, a plaintiff must allege facts that include: (1) plaintiff's interest claimed in the premises; (2) the interest the defendant claims in the premises; and (3) the facts establishing the superiority of plaintiff's claim to the property. *See Tombley v. Seterus, Inc.*, 614 F. App'x 829, 835 (6th Cir. 2015) (citing Mich. Ct. R. 3.411(B)(2)). As for the second element, the defendant's interest looks at whether another party is claiming to have the same interest as that belonging to the Merriweather's on the property at issue. *See, e.g., Mark v. Bradford*, 23 N.W.2d 201, 205 (Mich. 1946).

Here, the Merriweather's claim for quiet title is based on an assignment of their mortgage from one lender to another, in violation of a bankruptcy stay which was alleged to be in place at the time of the assignment. *See* ECF No. 1-1, PageID.17.  However, there are no allegations in the Complaint that Merriweather's interest is somehow superior to that of Defendants.  The Complaint simply states that the mortgage assignment was "void ab initio"— or void from the beginning, because the "assignment from Ditech Financial LLC to New Residential Mortgage LLC was unauthorized as a result of the bankruptcy stay." *See* ECF No. 1-1, PageID.16.  But this conclusory allegation is insufficient to allege or establish a superior interest in the property.

Moreover, the Court finds that the assignment from Ditech to NRM is not fraudulent for the reasons Merriweather asserts.  The assignment from Ditech to NRM occurred on March 5, 2018.  *See* ECF No. 5-4, PageID.85.  Ditech's parent company, Ditech Holdings LLC, did not file for bankruptcy until February 11, 2019. *See In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2025 WL 287545 (Bankr. S.D.N.Y. Jan. 23, 2025) ("On February 11, 2019, Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates, including Green Tree (collectively, the 'Debtors'), filed petitions for relief under chapter 11 of the Bankruptcy Code in this Court[.]"); ECF No. 5, PageID.57.  The mortgage assignment therefore would not have been subject to a stay in the bankruptcy

8

proceedings because it predated the bankruptcy. And for this additional reason, Merriweather's quiet title claim fails as a matter of law and should therefore be dismissed.[1]

### IV.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 5). Because Merriweather lacks standing to challenge the assignment of his mortgage and his Complaint fails to state a claim for which relief can be granted, it is hereby **DISMISSED WITH PREJUDICE**.

Additionally, given the dismissal of this action, Plaintiff's Motion for Preliminary Injunction to Halt Foreclosure and Enforcement Actions (ECF No. 17) is **DENIED** as **MOOT**.

**This is a final order that closes this case.**

**IT IS SO ORDERED.**

Dated: June 3, 2025                        s/Brandy R. McMillion
      Detroit, Michigan                 Hon. Brandy R. McMillion
                                                   United States District Judge

---

[1] The Court notes that Merriweather raises additional concerns for the Court's consideration — *e.g.* dishonorable litigation conduct, defendants' federal entity status, and the perception of defense counsel's conduct. *See* ECF No. 22, PageID.339-340. However, none of those additional arguments would change the Court's analysis or ruling granting dismissal.

9